**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                )          02: 09-cr-0264<br>)<br>RICHARD HEITZENRATER and )<br>ROBERT KUZMA                 ) | |

**ORDER OF COURT**

Presently before the Court for disposition is the OMNIBUS PRETRIAL MOTIONS, in which Defendant Richard Heitzenrater seeks production of a wide array of information (Document No. 28). Co-Defendant Robert Kuzma has joined in the motions (Document No. 38). The government has timely responded to each motion and, thus, same are ripe for disposition.

**MOTION FOR DISCOVERY** (Document 28-1)

At the outset, the Court notes that the government has acknowledged its obligations under *Brady* and its progeny, Federal Rules of Criminal Procedure 12 and 16, and the Jencks Act.

The government also asserts that it "will voluntarily turn over Jencks Act material at least three business days prior to trial to ensure that unnecessary interruptions or delays are avoided." Resp. at 6. The Court is cognizant of the fact that such information, to the extent it exists, is clearly discoverable and should be voluntarily disclosed to the defendant "in sufficient time for its effective use at trial." *United States v. Higgs*, 713 F.2d 39, 44 (3d Cir.), *cert. denied*, 464 U.S. 1048 (1984) (holding that with respect to impeachment-type *Brady* material the defendant's "right to a fair trial will be fully protected if disclosure is made the day that the witness testifies"). A district court cannot compel early disclosure of Jencks material. *See*

*United States v. Murphy,* 569 F.2d 771, 773 (3d Cir.), *cert. denied,* 435 U.S. 955 (1978). However, the Court strongly encourages the government to produce all Jencks Act material in sufficient time to avoid delays at trial. The government has agreed to provide notice of any Rule 404(b) evidence at least ten (10) days before trial and has agreed to provide Defendants with a written summary of any expert testimony that may be introduced in the government's case at least two weeks prior to trial. A similar time frame for the production of all Jencks Act material is highly encouraged.

The government's obligation to make available pretrial discovery materials is governed primarily by Rule 16 of the Federal Rules of Criminal Procedure. Outside of Rule 16, the Jencks Act, and *Brady*, and its progeny, however, a defendant has no general constitutional right to pretrial discovery. *Weatherford v. Bursey,* 429 U.S. 545, 559 (1977). Those rights conferred by rule, statute, and case law cannot be used to compel the United States to disclose the minutia of its evidence, trial strategy, or investigation. *United States v. Fiorvanti,* 412 F.2d 407, 411 (3d Cir.), *cert. denied,* 396 U.S. 837 (1969).

The Court also observes that the government has made a request for reciprocal discovery subject to disclosure pursuant to Federal Rule of Criminal Procedure 16(b)(1). *See* Response at 33.

A number of Defendants' requests pertain to information about the government's anticipated trial witnesses. The government represents that the majority of this information - to the extent that it exists - will be disclosed at the time that the government discloses any Jencks Act materials. See Resp. at 6. Additionally, the government represents that it will provide

2

impeachment material which relates to its trial witnesses at the time it discloses its Jencks Act materials for the witnesses.  *Id.* at 11.

The Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas listed in Federal Rule of Criminal Procedure 16(a)(1), "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution."  *United States v. Ramos,* 27 F.3d 65, 68 (3d Cir. 1994). Generally, these other areas are limited to the Jencks Act and materials available pursuant to the *Brady* doctrine.  *Id.*  Keeping these principles in mind, the individual requests of Defendants will be addressed seriatim.

a.      <u>Written or Recorded Statements by Defendant</u>.  The government responds that the Defendants' statements which fall within the purview of Fed. R. Crim. P. 16(a)(1)(A) and (B) have already been disclosed with the materials provided pursuant to Local Criminal Rule 16.1.  With that said, however, the government represents that there were no written or recorded statements by the Defendants that were provided.  Accordingly, this request is **DENIED AS MOOT WITHOUT PREJUDICE**.  To the extent that Defendants seek discovery of statements that fall beyond the purview of Fed. R. Crim. P. 16(a)(1)(A) & (B), this request is **DENIED.**

b.      <u>Any oral statement made by the defendants that the government intends to introduce at trial.</u>  The government's response appears to be non-responsive as it objects to producing statements by third parties.  Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A), the government must disclose to the Defendants "the substance of any relevant oral statement made by the defendant[s], before or after arrest, in response to interrogation by a

person the defendant knew was a government agent if the government intends to use the statement at trial." Therefore, to the extent that the government has any such oral statements of Defendants which fall within the purview of 16(a)(1)(A), this request is **GRANTED.**

        c.    <u>Any and all statements of alleged co-conspirators</u>.  The government objects to this request as beyond the scope of discovery.  The Court agrees.  The law is well-settled that statements by third parties, whether alleged co-conspirators, prospective government witnesses, or individuals whose statements can be attributed to a defendant for evidentiary purposes, do not come with the ambit of Rule 16(a)(1)(A) and are not required to be disclosed in pretrial discovery.  Rather, the Jencks Act controls production of statements of government witnesses. Accordingly, this request is **DENIED.**

        d.    <u>Co-conspirator statements made by defendant</u>.  The government responds that Defendants' statements that fall within the purview of Fed. R. Crim. P. 16(a)(1)(A) & B have already been disclosed with the materials provided pursuant to Local Criminal Rule 16.1. Accordingly, this request is **DENIED AS MOOT WITHOUT PREJUDICE**.  To the extent that Defendants seek discovery of statements that fall beyond the purview of Fed. R. Crim. P. 16(a)(1)(A) & (B), this request is **DENIED.**

        e.    <u>Copy of Defendants' prior record</u>.  The government responds that no criminal records were located for these Defendants.  Accordingly, this request is **DENIED AS MOOT WITHOUT PREJUDICE.**

        f.    <u>Books, papers and tangible objects</u>.  The government represents that on October 8, 2009,  Attorney Ross viewed the data recovered from the Ambridge Police Department digital video recording system, and that the forensic examiner also responded

telephonically to questions posed by Mr. Ross.  The government further asserts that "[a]ny reasonable request for discovery will be accommodated."  Accordingly, this request is **DENIED AS MOOT WITHOUT PREJUDICE.**

> g.    Written or recorded statements of witnesses.  The government objects to pretrial discovery of these materials.   The Court agrees.  To require disclosure at this time of the requested information is tantamount to having the government identify its witnesses.  Under the law, the government is not obliged to provide a witness list in a non-capital case, except in conformity with the Jencks Act, which requires the government to provide the defense with statements of witnesses that the government intends to call at trial.

The government has acknowledged its responsibilities under the Jencks Act. Accordingly, Defendants' request is **DENIED WITHOUT PREJUDICE.**

> h.    Oral statements by witnesses.   The government objects to the extent that Defendants seek discovery of statements that fall beyond the purview of Fed. R. Crim. P. 16(a)(1)(A) & (B).  The Court agrees.  Accordingly, the request is **DENIED.**

> i.    Reports of physical or mental examinations.  The government responds that it has provided 22 pages of medical records which pertain to the victim and thus has fulfilled its discovery obligation.  Accordingly, this request is **DENIED AS MOOT WITHOUT PREJUDICE**.

Further, the government represents that defense counsel are aware that defendant Heitzenrater's firearm was submitted to the FBI for testing.   However, no results from such testing have yet been received, but the government has represented that it intends to share the

results of any such testing upon receipt.   Accordingly, this request is **DENIED WITHOUT PREJUDICE**.

       j.     <u>Reports of expert witnesses or written summary</u>.  The government responds that the Defendants were provided with a 19-page investigative report by Corporal Robert Erdely of the Pennsylvania State Police detailing his forensic analysis of the digital video recorder obtained from the Ambridge Police Department.

       Further, the government represents that it has not yet determined with certainty which expert testimony it will use in its case in chief.  However, the government agrees that, at least two weeks prior to trial, in compliance with the requirements of Fed. R. Crim. P. 16(a)(1)(G), it will provide Defendants with a written summary of any expert testimony that may be introduced in the government's case in chief, as well as a curriculum vitae of the expert.

       Accordingly, Defendants' request is **DENIED WITHOUT PREJUDICE**.

       k.     <u>Brady information, exculpatory and impeachment.</u>  The government responds that to the extent that it exists, any material relating to the credibility of the government's witnesses will be provided with the Jencks Act materials for each trial witness.

       The government further asserts that "[a]t present, [it] is unaware of any material that it would deem material and exculpatory that pertains to the defendants."  Resp. at 5. Accordingly, Defendants' request is **DENIED WITHOUT PREJUDICE**.

       l.     <u>Reports and results of DNA testing performed on service revolver</u>.  The government responds that scientific analysis has been requested upon the service revolver of Defendant Heitzenrater, but to date, no results have yet been obtained.   However, the government states that it intends to share the results of any such testing upon receipt.   There is

no reason to believe that the government will not do so.  Accordingly, this request is **DENIED WITHOUT PREJUDICE**.

        m.    <u>Copy of the video recording of the jail cell in question.</u>  The government responds that there is no "video" per se, but that Attorney Ross has viewed data that was on the digital video recording system in question on October 8, 2009.  Further, the government responds that additional access will be granted upon request.  Accordingly, this request is **DENIED WITHOUT PREJUDICE**.

        n.    <u>Any toxicology reports regarding the blood alcohol content of the alleged victim.</u>  The government responds that counsel for the Defendants was provided with twenty-two (22) pages of medical records pertaining to the victim and, therefore, it believes that it has fulfilled its discovery obligation.  The Court agrees, assuming that toxicology reports, if any, were included in these records.  Therefore this request is **DENIED WITHOUT PREJUDICE.**


**MOTION FOR BILL OF PARTICULARS**  (Document 28-2)

        Defendants are charged in four-count Indictment with the following: in Count One, both Defendants are charged with Conspiracy to Obstruct Official Proceeding, in violation of Title 18, United States Code, section 1512(k); in Count Two, both Defendants are charged with Obstruction of Official Proceeding, in violation of Title 18, United States Code, section 1512(c); in Count Three, only Defendant Heitzenrater is charged with Deprivation of Civil Rights Under Color of Law, in violation of Title 18, United States Code, section 242; and in Count Four, only Defendant Kuzma is charged with Accessory After The Fact, in violation of Title 18, United States Code, section 3.

7

Federal Rule of Criminal Procedure 7(f) provides as follows:

The Court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f).

A district court has broad discretion in granting or denying a criminal defendant's motion for a bill of particulars. *United States v. Rosa,* 891 F.2d 1063, 1066 (3d Cir. 1989); Fed. R. Crim. P. 7(f). Among the purposes of a bill of particulars is to inform the defendant of the nature of the charges brought against him or her so that the defendant is able to adequately prepare a defense. *United States v. Addonizio,* 451 F.2d 49, 63 (3d Cir.), *cert. denied*, 40 U.S. 936 (1972). The Court of Appeals for the Third Circuit has instructed that a district court should grant a motion seeking a bill of particulars when an indictment's failure to provide factual or legal information "significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *Rosa*, 891 F.2d at 1066. However, a defendant is not entitled to general discovery of the government's case, evidence or witnesses. *United States v. Armocida,* 515 F.2d 49, 52 (3d Cir.), *cert. denied,* 423 U.S. 858 (1975).

A bill of particulars should reveal "only the minimum amount of information necessary to permit the defendant to conduct his own investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985). In ruling on a request for a bill of particulars, the Court should consider all information that has been disclosed to the defendant in the course of the prosecution, whether or not included in the indictment. *United States v. Kenny*, 462 F.2d 1205, 1212 (3d Cir.), *cert. denied,* 490 U.S. 914 (1972).

8

Defendants request that the government provide them with a bill of particulars which sets forth a broad array of information regarding the alleged conspiracy, including discovery information such as impeachment material and names and addresses of witnesses. Defendants' request for impeachment material and names and addresses of witnesses is clearly outside the purview of the Indictment and, thus, will be denied.

The government responds that the Indictment in this case "sufficiently and explicitly specifies the charge." Resp. at 21. The alleged conspiracy is not a broad conspiracy spanning a lengthy period of time; rather the alleged conduct is very limited and focuses on two specific days that are specified in the Indictment: February 20-21, 2009.

The Indictment alleges that the conspiracy in Count One and the substantive charge in Count Two relate to a scheme to "corruptly alter, destroy, mutilate and conceal a record or other object," specifically "data held on a Borough of Ambridge Police video recording system, with the intent to impair the data's integrity and availability for use in a federal civil rights grand jury investigation."

The victim is specifically named in Count Three, and the precise acts of bodily harm allegedly performed by Defendant Heitzenrater to commit the offense are likewise detailed. Count Four precisely states that Defendant Kuzma, while working as a Lieutenant with the Borough of Ambridge Police Department, assisted Defendant Heitzenrater by altering and destroying data held on the video recording system at the Borough of Ambridge Police Department.

The Court finds that the specific criminal activity alleged in this Indictment has been described with sufficient particularity. The Court finds that the information already provided

and available to Defendants is more than "the minimum amount of information necessary to permit the defendant(s) to conduct [their] own investigation." *Smith*, 776 F.2d at 1111. Therefore, Defendants' Motion for Bill of Particulars is **DENIED.**

### MOTION FOR NOTICE OF DISCOVERY OF GOVERNMENT INTENTION TO INTRODUCE EVIDENCE OF UNCHARGED MISCONDUCT (Document No. 28-3)

Defendants request that the Court order the government to give notice of its intention to use similar or related act evidence and/or uncharged prior misconduct. The government responds that it has not yet identified the specific other acts by Defendants that it may seek to introduce at trial. However, the government indicates that it will provide notice of its intent to seek the admission of 404(b) evidence at least ten (10) days prior to trial. Resp. at 23.

Federal Rule of Evidence 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts to prove the character of a person in order to show that he likely acted in conformity therewith on a particular occasion. The rule requires that the government in a criminal case, upon the request of an accused, provide reasonable advance notice of its intention to use such evidence and the general nature thereof. *Id*. The purpose of this notice requirement is to "reduce surprise and promote early resolution on the issues of admissibility." Fed. R. Evid. 404(b), Notes of Committee on the Judiciary, Sen. Rep. No. 93-1277. This Rule does not, however, provide for unbridled discovery and, to that end, the government need only "apprise the defense of the general nature of the evidence of extrinsic acts." *Id*.

At this point in the proceeding the government has not determined the evidence, if any, it may seek to admit at trial pursuant to Rule 404(b). The government has stated that it

10

intends to provide notice to Defendant of Rule 404(b) evidence at least ten (10) days before trial, and there is no reason to believe that the government will not do so.  Accordingly, this request is **DENIED WITHOUT PREJUDICE**.

### MOTION FOR ORDER DIRECTING OFFICERS / AGENTS TO RETAIN ROUGH NOTES
#### (Document No. 28-4)

Defendants request the Court to order that all Officers / Agents who investigated the charges in this case, retain and preserve all rough notes and writings "and to produce the same if requested on the grounds that said rough notes may be important to defendant's effective cross examination of those Officers / Agents or of the witnesses who were interviewed."   The government responds that it is aware of its obligations and will require that the government's agents preserve their rough notes created during this investigation.

Independently of the government's consent, the Court notes that the Court of Appeals for the Third Circuit requires that the government retain rough notes and writings.  In *United States v. Ramos*,  27 F.3d 65, 68-69 (3d Cir.1994), our appellate court reaffirmed its prior directives that the government preserve all notes of interviews with witnesses in criminal cases and rough drafts of investigative reports. *Id*. (*citing United States v. Vella*, 562 F.2d 275, 276 (3d Cir.1977); *United States v. Ammar,* 714 F.2d 238, 258-59 (3d Cir.), *cert. denied,* 464 U.S. 939 (1983)).  Therefore, all law enforcement officers in this case are hereby **ORDERED** to retain their rough notes and any other evidence relating to interviews of alleged co-conspirators, confidential informants, and/or cooperating witnesses.

However, the Defendants' request that said Officers/ Agents notes be produced is

**DENIED WITHOUT PREJUDICE.**  The rough notes of law enforcement agents generally

are not discoverable  unless those notes, pursuant to Fed.R.Crim.P. 16(a)(1)(A), constitute the

substance of oral statements of a defendant which the government intends to offer into evidence

at trial, which statement was given in response to interrogation by a person then known by the

defendant to be a government agent.  *See United States v. Fischbach and Moore, Inc.*, 576 F.

Supp. 1384, 1390 (W.D. Pa. 1983).  The government has previously acknowledged that to the

extent that the government has any such oral statements which fall within the purview of

16(a)(1)(A) same have already been disclosed with the materials provided pursuant to Local

Criminal Rule 16.1.


### MOTION FOR DISCOVERY OF INFORMATION THAT MAY BE THE SUBJECT OF A MOTION TO SUPPRESS (Document No. 28-5)

Defendants request that the Court enter an Order directing the government to provide

"search warrants, or information or evidence obtained thereby, any statements and/or any

identification of defendant or other evidence obtained in this investigation that may be the

subject of a motion to suppress."   The government responds that it believes that it has already

complied with this request and "does not know what additional information may be the subject

to a Motion to Suppress."  Accordingly, Defendant's request is **DENIED WITHOUT**

**PREJUDICE.**

**MOTION FOR SEVERANCE** (Document No. 28-6)

Defendant Heitzenrater moves for a severance in order to secure the testimony of co-defendant Kuzma.  He contends that co-defendant Kuzma would provide exculpatory testimony on his behalf if co-defendant Kuzma's own trial proceeded first.

Defendants Heitzenrater and Kuzma are both charged in the Indictment with Conspiracy to obstruct justice (Count One) and the substantive charge in Count Two which relates to the scheme to obstruct justice.  The government argues that the "defendants are properly joined as co-conspirators and cannot make a showing sufficient to justify severance for trial."  Resp. at 26.

There is a presumption against severing charges or defendants that are indicted together, especially in cases involving a conspiracy charge, unless the defendants can show that the trial would be manifestly unfair.  *Virgin Islands v. Sanes,* 57 F.3d 338, 341-42 (3d Cir. 1995).  The initial joinder must involve the same acts or series of acts to be proper.  Fed. R. Crim. P. 8(b); *United States v. Eufrasio*, 935 F.2d 553, 567 (3d Cir. 1991).  If the Court finds that joinder is proper then it must weigh the potential prejudicial effect against the expense and time of separate trials that basically retry the same issue.  *United States v. Joshua,* 976 F.2d 844, 847 (3d Cir. 1992); Fed. R. Crim. P. 14.

The "proper inquiry is whether evidence is such that the jury cannot be expected to 'compartmentalize' it and then consider it for its proper purpose."  *United States v. Dansker,* 537 F.2d 40, 62 (3d Cir. 1976) (*citing United States v. DeLarosa,* 450 F.2d 1037, 1065 (3d Cir. 1971)).  If the government has charged conspiracy in good faith, then that allegation alone is

13

sufficient reason for trying conspiracy and all substantive offenses together.  *United States v. Sharma*, 190 F.3d 220, 230 (3d Cir. 1999).

There exists a preference in the federal system for joint trials of defendants who are indicted together.  *See Zafiro v. United States,* 506 U.S. 534 (1993); *accord United States v. Urban*, 404 F.3d 754, 775 (3d Cir. 2005).  Joint trials "play a vital role in the criminal justice system."  *Id.*  In fact, the United States Supreme Court has repeatedly approved joint trials because such trials promote efficiency and "serve justice by avoiding the scandal and inequity of inconsistent verdicts." *Id.*  "Generally speaking, where several defendants are jointly indicted they should be tried together," particularly where the charges against them arise out of the same series of acts or transactions.  *Id.*  In addition, joint trials of defendants charged under a single conspiracy aid the finder of fact in determining the "full extent of the conspiracy," *United States v. Provenzano,* 688 F.2d 194, 199 (3d Cir.), *cert. denied,* 459 U.S. 1071 (1982), and prevent "the tactical disadvantage to the government from disclosure of its case." *United States v. Jackson,* 649 F.2d 967, 973 (3d Cir.), *cert. denied,* 454 U.S. 1034 (1981).  *See also United States v. Thornton*, 1 F.3d 149, 152 (3d Cir. 1993) (holding that where all defendants were charged in participating in a single overarching drug conspiracy, joinder was appropriate.)

As a result, when defendants have been properly joined under Rule 8(b), "a district court should grant a severance under [Federal Rule of Criminal Procedure] 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539; Fed. R. Crim. P. 14.

A defendant has "a heavy burden in gaining severance." *United States v. Quintero*, 38 F.3d 1317, 1343 (3d Cir. 1994).  Defendants are not entitled to a severance merely because they may have a better chance of acquittal in separate trials or because the evidence is different as to each defendant.  Because differing levels of evidence are inherent in joint trials, "[p]rejudice should not be found in a joint trial just because all evidence adduced is not germane to all counts against each defendant or some evidence adduced is more damaging to one defendant than others." *United States v. Console,* 13 F.3d 641, 655 (3d Cir. 1993).  Rather, the preferred remedy in such a situation is to instruct jurors regarding which evidence is admissible against which defendant.  *See Zafiro*, 506 U.S. at 540-41; *United States v. Voight*, 89 F.3d 1050, 1096 (3d Cir. 1996).  Further, severance is not appropriate when the same or substantially the same evidence will be presented in both trials.  *See Console,* 13 F.3d at 655.

As an initial matter, the Court finds that Defendants Heitzenrater and Kuzma were properly joined as co-conspirators.  *See* Fed. R. Crim. P. 8.  The conspiracy charge provides a common plan and set of transactions that makes joinder appropriate.  Accordingly, the Court must next weigh the potential prejudicial effect against the expense and time of separate trials that basically retry the same issue.  *See* Fed. R. Crim. P. 14.

As stated *supra,* Defendant Heitzenrater argues that a refusal to sever would deprive him of the ability to call Co-Defendant Kuzma to testify in his behalf.  A severance argument based on the need for the testimony of a co-defendant warrants consideration of four factors: (1) the likelihood that the co-defendant will testify; (2) the degree to which such testimony would be exculpatory; (3) the degree to which such testimony could be impeached; and (4) the effect of severance on  judicial economy. *United States v. Gonzalez,* 918 F.2d 1129, 1137 (3d Cir.

1990) (*citing United States v. Boscia*, 573 F.2d 827 (3d Cir.), *cert. denied,* 436 U.S. 911

(1978)).  A defendant's claim that a co-defendant would testify on his behalf "must be

supported by the record, and the record must show more than simply the defendant's 'request for

declaration of [his co-defendants'] intent to testify.' " *United States v. Davis*, 397 F.3d 173, 182

(3d Cir. 2005) *(quoting Gonzalez*, 918 F.2d at 1137).

      Although Defendant Heitzenrater asserts that his co-defendant would provide

exculpatory testimony if he were tried separately, " '[b]are assertions that co-defendants will

testify are insufficient.' " *Gonzalez*, 918 F.2d at 1137 (*quoting Boscia*, 573 F.2d at 832).  In this

case, there is no evidence in the record that Co-Defendant Kuzma would testify during

Defendant Heitzenrater's trial if his trial was severed from Defendant Heitzenrater's.  Kuzma

has not submitted an affidavit stating that he would testify or indicating the substance of any

potential testimony.

      Further, the Court finds that Heitzenrater's argument that Kuzma would "establish

that [Heitzenrater] does not know anything about, or how to operate, the video recording

system" is misplaced.   Defendants have been charged with conspiracy to destroy and alter

evidence on the digital video recording system of the Ambridge Police Department.

Conspiracy is an inchoate crime; therefore, it is not necessary for the government to establish

that Defendant Heitzenrater had any specialized knowledge or engaged in any overt action.

      Moreover, the Court finds and rules that severance is not in the interest of judicial

economy.  Defendants are charged in a conspiracy.  Accordingly, separate trials would involve

16

many of the same witnesses, including the same victim, and much, if not all, of the same documentary proof.  This duplication of effort seems unjustified and simply not necessary.

For all these reasons, the Motion for Severance is **DENIED.**


### Motion for Discovery of Impeachment Evidence In The Form Of Favorable Treatment or Leniency to Government Witnesses
(Document No. 28-7)

In this motion, Defendants urge the Court to require the government to disclose any promises of immunity, leniency, or preferential treatment made to any government witnesses. In actuality, Defendants are seeking to have the United States identify its witnesses and, under the law, the government is not obliged to provide a witness list in a non-capital case, except in conformity with the Jencks Act.

The Court notes that the Government has acknowledged its obligations under the Jencks Act and has represented that to the extent such information exists, it will be provided with the Jencks Act materials for each witness.   As the government has agreed to turn over the requested material for its trial witnesses, the instant motion is **GRANTED.**

However, to the extent that the request seeks disclosure of information which pertains to individuals who will <u>not</u> be government witnesses at trial, the request is **DENIED.**

**MOTION TO JOIN** (Document No. 28-8)

Defendant Heitzenrater requests leave to join the pretrial motions of Co-Defendant Kuzma.  Said request is **GRANTED**; however, the Court notes that to date Co-Defendant Kuzma has not filed any pretrial motions.

So **ORDERED** this 1st day of February, 2010.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:      Soo C. Song,
         Assistant U.S. Attorney
         Email: soo.song@usdoj.gov

         James J. Ross, Esquire
         Bowers, Ross & Fawcett
         Email: jross@brf-law.com

         Mark D. Lancaster, Esquire
         Email: mdlcrimlaw@gmail.com