IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.      ) | 02: 09-cr-0264 |
| ) | |
| RICHARD HEITZENRATER and ) | |
| ROBERT KUZMA       ) | |

**MEMORANDUM AND ORDER OF COURT**

Presently before the Court for disposition is the MOTION FOR RECONSIDERATION OF COURT ORDER OF FEBRUARY 1, 2010 AND FOR HEARING filed by Defendant Richard Heitzenrater (Document No. 44) and the RESPONSE IN OPPOSITION filed by the Government (Document No. 54).

By Order of Court filed February 1, 2010, the Court ruled upon Defendant's Omnibus Pretrial Motions.  Among the eight (8) pretrial motions Defendant Heitzenrater originally filed was a Motion for Severance (Document No. 28-6) and a Motion for Discovery of Impeachment Evidence In The Form Of Favorable Treatment or Leniency to Government Witnesses (Document No. 28-7).  The Court denied the Motion for Severance and granted in part and denied in part the Motion for Discovery.

In the motion *sub judice,* Defendant requests the Court to reconsider its decision on the two motions.  For the reasons set forth more fully herein, the motion for reconsideration will be denied.

**Standard of Review**

The Rules of Criminal Procedure do not include a provision that governs motions for reconsideration.  However, the United States Court of Appeals for the Third Circuit has held

that motions for reconsideration may be filed in criminal cases. *See United States v. Fiorelli,* 337 F.3d 282, 286 (3d Cir. 2003).

The purpose of a motion for reconsideration is to correct manifest errors of law or fact, or to present newly discovered evidence. *Max's Seafood Café v. Max Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). Generally, a motion for reconsideration will only be granted on one of the following three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the district court decided the motion under consideration; or (3) the need to correct a clear error of law or fact or to prevent manifest justice. *Id*.

A court may not grant a motion for reconsideration when the motion simply restyles or rehashes issues previously presented. *Pahler v. City of Wilkes-Barre*, 207 F.Supp.2d 341, 355 (M.D. Pa. 2001). A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked . . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through - rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. *Rossi v. Schlarbaum,* 600 F.Supp.2d 650, 670 (E.D. Pa. 2009).

**Discussion**

At the outset, the Court notes that Defendant's brief in support of his motion for reconsideration essentially reargues and rehashes his prior arguments. As noted *supra*, the

Court may not grant a motion for reconsideration when the motion merely regurgitates prior argument.

Applying *Max's Seafood* to the instant matter, the law has not undergone an intervening change and no new evidence has surfaced with respect to either the Motion for Severance or the Motion for Discovery. Accordingly, the only way reconsideration could be granted would be if it were necessary to correct a clear error of law or prevent manifest injustice.

A.      Motion for Severance

Interestingly, Defendant concedes that, in his original motion, he did not provide a record to support any of his assertions, but he argues that he "was anticipating that the Court would set a hearing on this matter at which time a record could be made in this regard with counsel for co-defendant Kuzma present." Mot. at ¶ 5. However, now knowing that the Court found Defendant's original arguments to be unsupported, he continues to provide no further evidence, by way of proffer, affidavit or representation by co-defense counsel in support of his conclusory allegations regarding co-Defendant Kuzma and his anticipated exculpatory testimony.

Defendant Heitzenrater continues to offer bare assertions that his co-defendant would provide exculpatory testimony if he were tried separately. This possibility alone does not constitute the showing required for severance, or meet the threshold showing that a hearing is necessary. Counsel for co-defendant Kuzma has not affirmed either the willingness of his

client to testify on behalf of defendant Heitzenrater or the exculpatory nature of any such testimony to the government.

As the Court explained in its original Order, there is a presumption against severing charges or defendants that are indicted together, especially in cases involving a conspiracy charge, unless the defendant can show that the trial would be manifestly unfair. *Virgin Islands v. Sanes*, 57 F.3d 338, 341-42 (3d Cir. 1995). Furthermore, there exists a preference in the federal system for joint trials of defendants who are indicted together. *See Zafiro v. United States*, 506 U.S. 534 (1993). Joint trials of defendants charged under a single conspiracy aid the finder of fact in determining the "full extent of the conspiracy," *United States v. Provenzano*, 688 F.2d 194, 1999 (3d Cir.), *cert. denied,* 459 U.S. 1034 (1981).

Moreover, as the Court fully explained, the Court found that severance in this case would not be in the interest of judicial economy. Defendants are charged in a conspiracy. Separate trials would involve many of the same witnesses, including the same victim, and much, if not all, of the same documentary proof. The duplication of efforts seems unjustified and simply not necessary.

Nothing presented by Defendant in its reconsideration motion convinces the Court that its prior Order constitutes a clear error of law and/or creates a manifest injustice. Further, without the proffer of anything more than unsupported assertions, the Court finds that an evidentiary hearing is not necessary. With that said, however, the Court remains aware of its "continuing duty at all stages of the trial to grant a severance if prejudice does appear." *Schaffer v. United States*, 362 U.S. 511 (1960).

B.   Motion for Discovery

Defendant Heitzenrater also renews his request for disclosure of impeachment evidence in the form of favorable treatment or lenience to government witnesses. In its original response, the government acknowledged its obligations under the Jencks Act and represented that, to the extent such information existed, Defendant would be provided the information with the Jencks Act materials for each witness (at least three business days prior to trial). The Court granted the motion as it pertained to government trial witnesses and denied the request as it pertained to individuals who will not be government witnesses at trial. The Court did not order immediate disclosure.

In its reconsideration motion, Defendant requests that the Court reconsider its ruling as to the timing of the disclosure. Defendant argues "that this information constitutes exculpatory information under . . . *Brady* . . and should be disclosed immediately, as opposed to with the Jencks material." Mot. at ¶ 9.

In *United States v. Ruiz,* 536 U.S. 622, 629 (2002), the United States Supreme Court explained that the U.S. Constitution does not require the government to share "all useful information" with the defendant during discovery. In particular, the government is not required to disclose impeachment material relating to informants or other witnesses, as premature disclosure could "disrupt ongoing investigations," expose prospective witnesses to "serious harm," and would place a substantial "burden" on the government prior to trial preparation. *Id*. at 631-32.

Nothing presented by Defendant in its reconsideration motion convinces the Court that its prior Order, as it pertains to the timing of disclosure of impeachment evidence of

material government witnesses, constitutes a clear error of law and/or creates a manifest injustice.

**Conclusion**

As explained *supra,* Defendant Heitzenrater continues to advance the same arguments that he made in his original pretrial motions. Said arguments were previously given due consideration, but not credited by this Court. Motions for reconsideration are not designed to provide litigants with a second bite at the apple. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). Therefore, the Court finds that the arguments raised in the instant motion do not warrant further analytical discussion.

Fatal to the pending motion, nothing new has been supplemented to the record by the Motion for Reconsideration. Accordingly, the motion for reconsideration will be denied.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 09-cr-0264 |
| | ) | |
| RICHARD HEITZENRATER and ROBERT KUZMA | ) ) | |

**ORDER OF COURT**

**AND NOW**, this 9th day of March, 2010, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** that the MOTION FOR RECONSIDERATION OF COURT ORDER OF FEBRUARY 1, 2010 AND FOR HEARING filed by Defendant Richard Heitzenrater is **DENIED.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:    Soo C. Song,
       Assistant U.S. Attorney
       Email: soo.song@usdoj.gov

       James J. Ross, Esquire
       Bowers, Ross & Fawcett
       Email: jross@brf-law.com

       Mark D. Lancaster, Esquire
       Email: mdlcrimlaw@gmail.com